**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cruz MARTINEZ–CANTU,**
**Defendant–Appellant.**

No. 04–20474.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, Kathlyn Giannaula Snyder, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Thomas S. Berg, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Cruz Martinez–Cantu (Martinez) appeals his guilty-plea conviction and sentence for illegally reentering the United States after deportation. He argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Martinez acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Also for the first time on appeal, Martinez argues that the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 756–57, 160 L.Ed.2d 621 (2005). Because he did not raise this issue in the district court, this court reviews the argument for plain error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33

---

(5th Cir.2005). Martinez makes no showing, as required by *Valenzuela–Quevedo*, that the district court would likely have sentenced him differently under an advisory sentencing scheme. *See id.* at 733–34. Similarly, there is no indication from the court's remarks at sentencing that the court would have imposed a sentence below the appropriate guideline range. Thus, Martinez has not met his burden to show that the district court's imposition of a sentence under a mandatory guideline scheme was plain error. *See id.; see also United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Accordingly, Martinez's conviction and sentence are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.